IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:12-CV-414 (CAR) |
| $9,070.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property. | : | |
| _____ | : | |

### ORDER ON MOTION FOR DEFAULT JUDGMENT AND FORFEITURE AND FINAL ORDER OF FORFEITURE

Before the Court is the United States' Motion for Default Judgment and Forfeiture and Final Order of Forfeiture of $9,070.00 in United States funds ("Defendant Property") [Doc. 8].  No response has been filed, and the time to do so has expired. Upon consideration of the Government's verified complaint, its pending motion, the relevant legal authorities, and the entire record in the case, the Government's Motion for Default Judgment and Final Order of Forfeiture [Doc. 8] is **GRANTED**.

On October 17, 2012, a Verified Complaint for Forfeiture was filed on behalf of the United States against Defendant Property to enforce the provisions of Title 21, United States Code, Section 881(a)(6) for the forfeiture of property which constitutes

1

proceeds traceable to the exchange of controlled substances.[1]  Process was served on potential claimant Gregory Lewis, Jr., who had filed a claim in the administrative forfeiture action, through his counsel of record and potential claimant Steven Antwan Jackson.  Neither Lewis nor Jackson filed any response to the verified complaint for forfeiture.

Pursuant to the warrant of arrest *in rem* issued by this Court, Defendant Property was arrested and seized on October 18, 2012, by the United States Marshal Service.  From November 2, 2012, until December 1, 2012, notice of this forfeiture was published online in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[2]

Under 18 U.S.C. § 983(a)(4)(A) and Rule G(4) and G(5) of the Supplemental Rules, all claimants are required to file their claims with the Clerk of the Court within thirty-five (35) days after service of the complaint, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, whichever occurred first.  Neither Lewis nor Jackson filed a claim with the Clerk of the Court.

As both claimants, neither of whom is known to be an infant or incompetent, have failed to file a verified claim, answer, or otherwise respond to the verified complaint, the Clerk entered a default on February 22, 2013.  The instant Motion seeks

---

[1] 21 U.S.C. § 881(a)(6).
[2] Aff. of Pub. [Doc. 6].

the entry of judgment in favor of the United States in the amount of $9,070.00 and a final order of forfeiture of Defendant Property.  Despite service of the Motion, neither claimant has filed a response.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.[3]  In view of the uncontested allegations and submitted affidavit as to the amount to be declared forfeited to the Government, the Court finds the factual allegations of the verified complaint for forfeiture *in rem* provide a sufficient legal basis for entry of a default judgment.  Accordingly, the Court finds that Defendant Property, $9,070.00 in United States currency, is money, negotiable in instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act.  The Government's Motion for Default Judgment of Forfeiture [Doc. 8] is **GRANTED**.

The Government also seeks a final order of forfeiture as to Defendant Property pursuant to 21 U.S.C. § 881(a).  The Court finds that Defendant Property is subject to forfeiture because the verified complaint for forfeiture in rem states a factual and legal basis for forfeiture under 21 U.S.C. § 881(a).  Further, no defense to the forfeiture has been interposed, and no opposition has been made to the motion for entry of a default judgment.  Thus, the Motion for Final Order of Forfeiture [Doc. 8] is **GRANTED**.  All

---

[3] *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.3d 1200, 1206 (5th Cir. 1975).

right, title, and interest in the Defendant Property is hereby forfeited and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

**SO ORDERED,** this 29th day of March, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH